**RECEIVED**
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 12/16/11

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| AFCO INDUSTRIES, INC. | CIVIL ACTION 11-1450 |
| VERSUS | DISTRICT JUDGE TRIMBLE |
| EMERGYS CORP. | MAGISTRATE JUDGE KIRK |

### Ruling on Motion to Remand

Before the court is plaintiffs' motion to remand, **Doc. #7**, and defendant's motion to amend its notice of removal, doc. #10, both referred to me by the district judge for decision. This is a suit in which plaintiff company, which has its principal place of business in Louisiana, has sued defendant, a North Carolina company, alleging breach of contract concerning installation of software. Plaintiff filed suit in the 9th Judicial District Court in Rapides Parish by alleging it was domiciled in Louisiana. The case was timely removed to this court by defendant.

In its removal petition, defendant asserted that complete diversity existed, that is, that plaintiff was domiciled in Louisiana and that defendant was domiciled in North Carolina.

Plaintiff moves to remand claiming that the removal is defective. Plaintiff, Afco, does not claim that complete diversity does not exist, but claims only that it is incorporated in Texas, not Louisiana and that in removing the case, defendant stated that Afco is incorporated and has its principal place of business in Louisiana. Defendant opposes the motion arguing that diversity still exists and that the factual recitation, if in error, can easily be corrected by amending the

1

notice of removal, which it seeks to do in doc. #10.

Defendant's motion is a hypertechnical objection without foundation and which alleges an error which does not make the removal defective. Regardless where Afco is incorporated, it is undisputed that Afco's principal place of business is in Louisiana. Under 28 U. S. C. 1332 (c)(1), a corporation is a citizen of the state where incorporated and where it has its principal place of business. Therefore, both must be alleged in a petition for removal. <u>Getty v. Ins. Co. of North America</u>, 841 F.2d 1254 (5th C. 1988). Here, whether Afco is a citizen of Texas and Louisiana, or just of Louisiana, diversity jurisdiction is present. This is not an error that affects jurisdiction or makes the removal defective. This is especially true where, as here, the allegations made in the removal petition are the same as those made by plaintiff in its petition, where it alleged it was domiciled in Louisiana. Plaintiff's argument that diversity was not alleged as of the time of filing suit is equally unavailing. Defendant should be allowed to amend its notice of removal to correct this technical error–one which does not defeat diversity jurisdiction in the first place.

For these reasons, the plaintiff's Motion to Remand, doc. #7, is DENIED and defendant's motion to amend its notice of removal, doc. #10, is GRANTED.

Alexandria, Louisiana, December 15, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE